UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HIU LUI NG, Petitioner | ) | |
| v. | ) | C.A. No. 07-290ML |
| MICHAEL CHERTOFF, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, ET AL., Respondents[1] | ) | |

**RESPONDENTS' MOTION TO DISMISS**

COMES NOW, Respondents, Michael Chertoff, Secretary, United States Department of Homeland Security, Alberto Gonzales, Attorney General, United States Department of Justice, John Torres, Director, United States Immigration and Customs Enforcement ("ICE"), and Bruce Chadbourne, Boston Field Office Director, Office of Detention and Removal Operations, ICE, and moves to dismiss Petitioner's claims against the Respondents for failing to state a claim upon which relief can be granted and for lack of subject mater jurisdiction pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HIU LUI NG, Petitioner | ) | |
| v. | ) | C.A. No. 07-290ML |
| MICHAEL CHERTOFF, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, ET AL., Respondents[2] | ) | |

**RESPONDENTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

## I. Introduction

Petitioner, Hui Lui Ng, seeks relief from his detention, which he says is "unconstitutional". Petition at 6. However, Petitioner has been detained pending execution of his final order of removal only since July 19, 2007,[3] well within the presumptively lawful six-month detention limit allowed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (recognizing six months as a presumptively reasonable period of

[2] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[3] See Petition, p.5 (asserted that petitioner was arrested and detained by DHS officers on July 19, 2007).

post-final order detention within which to allow the government to accomplish an alien's removal).

Because Petitioner at present has been now detained not even one month pending execution of his removal order, much less for the Zadvydas approved six-month period or even the 90-day removal period indicated in 8 U.S.C. § 1231(a)(1)(A), Petitioner's detention remains lawful. Accordingly, Petitioner fails to state any claim of unlawful detention upon which relief may be granted.

Also, under 8 U.S.C. § 1252(g), this Court lacks subject matter jurisdiction to enjoin removal in this case, though Petitioner enjoys an automatic administrative stay of removal pending the New York, New York, Immigration Judge's determination of Petitioner's motion to reopen. Further, pursuant to 8 U.S.C. § 1231(a)(2)(B)(ii), this Court lacks subject matter jurisdiction to review the custody decision of the United States Immigration and Customs Enforcement ("ICE").

## II. Factual and Procedural Background

On August 6, 2007, Petitioner filed a Petition for Writ of Habeas Corpus with Emergency Order to Show Cause within Three Days Pursuant to 28 U.S.C. § 2241 Et Seq. On August 8, 2007, the Court conducted a conference in which Petitioner's counsel indicated that he would forward a request for bond to the Hartford, Connecticut office of ICE. At the conclusion of the hearing, the Court scheduled another hearing for August 10, 2007. Subsequently, the request for a setting of a bond was sent to the Hartford, Connecticut office of ICE. Ex. 1. On August 9, 2007, Petitioner's request for bond was denied by ICE. Ex. 2.

## III. Argument

### A. Law Governing Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

In assessing the legal sufficiency of Petitioner's allegations pursuant to Rule 12(b)(6), the court is limited to review of the pleadings. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). "The accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded factual allegations, draw all reasonable inferences in the claimant's favor, and determine whether the Complaint sets forth sufficient facts to support the challenged claims, Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998). The court, however, need not credit conclusory allegations or indulge unreasonably attenuated inferences. Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997); Ticketmaster-NY, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In deciding Respondents' motion to dismiss for failure to state claim, the Court may consider Respondents' exhibits submitted in conjunction with the motion without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to . . . [the] claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(emphasis added)).

### B. Law Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techns., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide

discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).[1]

**C. Petitioner is Lawfully Detained by Respondent Pending Execution of His Order of Removal.**

Petitioner raises no challenge to his final administrative order of removal,[11] but instead petitions for an order releasing him from custody and for an order staying his removal from the United States. Petition at 14.

The Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001) recognized six months as a presumptively reasonable period of post-final order detention within which to allow the government

---

[1] Even if this were a motion to dismiss for failure to state claim, the documents attached hereto could be considered by the Court without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis added)).

[11] Nor could he in the district court, after enactment of the REAL ID Act of 2005. Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The plain language of these [REAL ID Act] amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to enactment of the Real ID Act. . . . Congress has now definitively eliminated any provision for [habeas] jurisdiction.").

to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 701. The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116 (W.D. Wash. 2002), even where post-order detention had exceeded six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Id. at 1118.

In the instant case, Petitioner has not been detained pending execution of his removal order for over six months or even 90 days, and in fact asserts on petition he has been detained only since July 19, 2007. Petition at 5. Therefore, Petitioner remains lawfully detained pending continuing efforts to execute his removal order.

Accordingly, the Court should dismiss the petition for failure to state a claim of unlawful detention.

**D. The Court Lacks Jurisdiction to Enjoin Removal.**

The Petitioner also seeks a stay of execution of his removal order. Petition at 14. However, under the amendments to the immigration statute made by the REAL ID Act of 2005,[111] this Court now incontrovertibly lacks subject matter jurisdiction to enjoin removal.

Pursuant to the provisions of 8 U.S.C. § 1252(g)[1111] "no

---

[111] See The Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268), which includes the REAL ID Act of 2005 ("RIDA"), Division B of Title VII of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

[1111] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law ***(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title***, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

court shall have jurisdiction to review any cause or claim . . . rising from the decision or action of the Attorney General to . . . execute removal orders against any alien . . . ." (emphasis added). See also Reno v. American-Arab Anti-Discrimination Committee et al., 525 U.S. 471, 483 (1999) ("AADC") ("[t]here was good reason for Congress to focus special attention on, and make special provision for, judicial review of the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing], [and] execut[ing] removal orders . . . . [Because] [a]t each stage the Executive has discretion to abandon the endeavor . . . . Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed") (emphasis added).

Section 106(a)(3) of The Real ID Act of 2005 made important amendments to INA section 242(g), 8 U.S.C. § 1252(g), clarifying inter alia that a district court lacks habeas corpus jurisdiction to enjoin removal of an alien from the United States:

> 242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(emphasis added).

In sum, this Court lacks jurisdiction to address Petitioner's "Emergency Motion for Stay of Removal", and such a motion for stay may be made only to the circuit court in a pending case there. Tejada v. Cabral, 424 F.Supp.2d 296, 298 (D. Mass. 2006)(Young, D.J.) ("Congress made it quite clear that all court orders regarding alien removal -- be they stays or

permanent injunctions -- were to be issued by the appropriate court of appeals.”). (Emphasis added).

Moreover, pending the New York, New York, Immigration Judge’s determination of Petitioner’s administrative motion to reopen, there is an automatic stay of removal in effect. See 1229a(b)(5)(C)(ii). Should Petitioner’s motion to reopen be denied by the Immigration Judge, Petitioner may appeal that decision administratively to the Board of Immigration Appeals (“BIA”), and may seek a discretionary stay of removal from that body pending appeal. If Petitioner is dissatisfied with any decision from the BIA, he may file a petition for review of that BIA determination in the Second Circuit Court of Appeals.

Accordingly, the Court should deny the motion for stay of removal in this case.

**E. This Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1231(a)(2)(B)(ii) to review discretionary administrative determinations relating to custody in removal proceedings.**

In addition, this Court lacks subject matter jurisdiction to review discretionary administrative determinations relating to custody in removal proceedings. Judicial review of certain administrative discretionary decisions is expressly barred by statute.

Under recent amendments to the Immigration and Nationality Act (“INA”) made by the REAL ID Act of 2005,[11111] section

[11111] See The Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268), which includes the REAL ID Act of 2005, Division B of Title VII of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231, (“RIDA”).

242(a)(2)(B)(ii) of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), now provides that "no court shall have jurisdiction to review" the discretionary determination of the Department of Homeland Security to deny Petitioner's release request.

Congress has unequivocally eliminated habeas corpus review of all discretionary decisions specified by statutory provisions as committed to the discretion of the Attorney General or the Secretary of Homeland Security, relating to immigration matters, "regardless of whether the judgment, decision, or action is made in removal proceedings". 8 U.S.C. § 1252(a)(2)(B).

RIDA sections 101(f)(1) and (2) and RIDA section 106(a)(1)(A)(ii) amended INA section 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), to provide:

> 242(a)(2)(B) DENIALS OF DISCRETIONARY RELIEF.-
>
> Notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-
>
> * * *
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security other than the granting of relief under section 1158(a) of this title.

(emphasis added).

Because the decision of ICE to continue detention of Petitioner was made under the authority of 8 U.S.C. § 1231(a)(6), which provides that an alien determined to be "unlikely to comply with the order of removal, may be detained beyond the removal period", that decision is a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for

which is specified under this title to be in the discretion of the Attorney General or the Secretary of homeland security". 8 U.S.C. § 1252(a)(2)(B)(ii)(emphasis added).

Accordingly, pursuant to INA section 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), this Court lacks subject matter jurisdiction to review ICE's August 9, 2007, discretionary decision denying Petitioner's request for release on bond. Cf. St. Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003) ("[t]he scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal. . . . if a statute makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief").

The petition, therefore, fails to state a claim upon which relief may be granted, and under the provisions of 8 U.S.C. § 1231(a)(2)(B)(ii) the Court lacks subject matter jurisdiction to review the custody decision of ICE to continue Petitioner's detention pending his removal from the United States.

**CONCLUSION**

Because the petition has failed to state any claim of unlawful detention and because this Court lacks subject matter jurisdiction, this action should be dismissed and all other

requested relief should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: dulce.donovan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2007, I caused the within Respondents' Motion to Dismiss and supporting Memorandum to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, and the following participant has received a copy electronically.

Steven D. Dilibero, Esq.
Dilibero & Coloian, LLP
130 Dorrance Street
Providence, RI 02903

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov